THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **TERRADI M.,**<br><br>Plaintiff,<br><br>v.<br><br>**KILOLO KIJAKAZI,**<br>**Acting Commissioner of Social Security,**<br><br>Defendant. | REPORT AND RECOMMENDATION<br><br>Case No. 2:23-cv-00172-TC-JCB<br><br>District Judge Tena Campbell<br><br>Magistrate Judge Jared C. Bennett |

      This case was referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[1] As shown below, pro se Plaintiff Terradi M. ("Plaintiff") has failed to prosecute this case, and, therefore, the court recommends that this case be dismissed without prejudice.

      Plaintiff's complaint in this case was filed on March 10, 2023.[2] On May 9, 2023, Defendant Acting Commissioner of Social Security Kilolo Kijakazi ("Commissioner") filed her answer and the administrative record.[3] Under Rule 6 of the Federal Supplemental Rules for Social Security, Plaintiff's motion for review of agency action was due within 30 days after Defendant's answer was filed, or by June 8, 2023. That deadline was noted on the docket when the Commissioner filed her answer and the administrative record.[4]

---

[1] ECF No. 8.

[2] ECF No. 5.

[3] ECF No. 9.

[4] *Id.*

After Plaintiff failed to file a motion for review of agency action by that deadline, the court issued an order to show cause.[5] That order required Plaintiff to show cause why this case should not be dismissed for lack of prosecution.[6] Plaintiff was ordered to file a response to the order to show cause on or before June 30, 2023, to inform the court of the status of this case and Plaintiff's intentions to proceed. Plaintiff was warned that failure to file a timely response to the order to show cause could result in dismissal of this case.[7] As of the date of this Report and Recommendation, Plaintiff's deadline to respond to the order to show cause has expired, and Plaintiff has not filed any response.

Given that procedural history, this case should be dismissed without prejudice for failure to prosecute under Fed. R. Civ. P. 41(b) and the court's inherent authority. Fed. R. Civ. P. 41(b) "has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders."[8] Additionally, courts have the authority, "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief."[9] A court's authority "to dismiss sua sponte for lack of prosecution has generally been considered an

---

[5] ECF No. 11.

[6] DUCivR 41-2 ("At any time, the court may issue an order to show cause requiring a party seeking affirmative relief to explain why the case should not be dismissed for lack of prosecution.").

[7] *Id.* ("If the party does not show good cause, a district judge or a magistrate judge presiding by consent may enter an order of dismissal. The dismissal may be with or without prejudice, as the court deems proper.").

[8] *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).

[9] *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."[10]

Plaintiff failed to file either a timely motion for review of agency action or a timely response to the court's order to show cause. Therefore, this case should be dismissed without prejudice for failure to prosecute under Fed. R. Civ. P. 41(b) and the court's inherent authority.

## RECOMMENDATION

Based upon the foregoing, the court HEREBY RECOMMENDS that this case be DISMISSED WITHOUT PREJUDICE for failure to prosecute.

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.[11] The parties must file any objections to this Report and Recommendation within 14 days after being served with a copy of it.[12] Failure to object may constitute waiver of objections upon subsequent review.

DATED this 20th day of July 2023.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[10] *Id*. at 630-31.

[11] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

[12] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).